IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY DARNELL SMITH,

      Plaintiff,

v.                                  CASE NO. 1:09-cv-00217-SPM-AK

ERIC K SHINSEKI,

      Defendant.

_____/

# O R D E R

By Order dated October 15, 2009, the Court advised Plaintiff, who is not proceeding as a pauper, of his responsibilities regarding service of process on Defendant. Doc. 4.  The Court clearly outlined the steps necessary for effecting service and warned Plaintiff that he must complete proper service within 120 days from the date of the filing of the complaint, pursuant to Fed. R. Civ. P. 4(m).  *Id*.  Because the Court had no record that Plaintiff had timely completed service, on June 30, 2010, the Court directed Plaintiff to show cause as to why he had not served Defendant, and why this case should not be dismissed for failure to prosecute.  Doc. 8.  Plaintiff filed a response, Doc. 9, stating that he mailed pleadings to the Defendant sometime in February 2010.

As explained in the Court's previous order, pursuant to Fed. R. Civ. P. 4, to effect formal service of process the Defendant must be personally served with the complaint and summons issued by the Clerk, or Plaintiff may request that Defendant waive service

of process by following the steps outlined in Rule 4. In addition to having been advised by the Court in this case of the requirements of Rule 4, Plaintiff was made aware of the requirements in a previous employment discrimination case filed by him. *See Smith v. Pincipi*, case no. 1:04-cv-16-SPM-AK, Doc. 8. Plaintiff voluntarily dismissed that case after failing to effect service. *Id*. Doc. 10. Based on Plaintiff's prior litigating history, the Court is satisfied that Plaintiff is aware of the necessity of effecting proper service of process in order to maintain a lawsuit.

Plaintiff's response to the show cause order in this case does not reflect that he has taken any of the steps necessary to effect formal service of process upon the Defendant. Moreover, Plaintiff has shown no cause for his failure to comply with the requirements of Rule 4, as explained by the Court in this case and in Plaintiff's prior case, despite being warned that his failure to show such cause would result in the dismissal of this case without further notice. *See* Doc. 8. Accordingly, the Court finds that this case should be dismissed without prejudice for failure to effect service within 120 days. *See* Fed. R. Civ. P. 4(m).

ORDERED AND ADJUDGED:

That this case is hereby **DISMISSED.** The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

DONE AND ORDERED this 6th day of August, 2010.

*s/ Stephan P. Mickle*

Stephan P. Mickle
Chief United States District Judge